A. Weight, special J.,
delivered the opinion of the court.
This is a bill filed to redeem a tract of land. The complainant is a judgment creditor, and claims to do so under the redemption laws of the State. The land was sold by a decree of the chancery court on a credit of twelve months, and bond and security taken of the purchaser for the purchase money. The sale was made by the clerk and master to pay the debts of one Webb, and the specific land to be sold is mentioned in the decree, and therein described by metes and bounds. But it does not appear in the decree, that the credit given in the sale was upon the application of complainant in the suit; nor is it otherwise made to appear in the decree, that the chancellor in ordering the sale *660 upon a credit, intended that the right of redemption should not exist. And the question presented is, whether after such a sale, there can he any redemption? And we think there can. The act of 1833, ch. 47, § 2, provides that “in all cases, where lands, or interests in lands, are directed to be sold by order of the court of chancery, founded' on a foreclosure of a mortgage, deeds of trust, or any other case, where the specific land to be sold is mentioned in the decree, upon the application of the complainant, the court shall be empowered to order the property to be sold, on a credit of not more than two years, nor less than six months; and when the sale is made by the master or commissioner, and confirmed by the court, no right of redemption or repurchase shall exist in the debtor or other creditor, but the title of the purchaser shall be absolute, and the court may order the surplus of the purchase money, or the bonds or notes taken therefor, over and above what is necessary to pay the debt due to the complainants, to be paid to the debtor or other creditors, who may be legally or equitably entitled thereto.” Oar. & N. Kev., 567.
Now, by the law, prior to the passage of the act, in all cases in which lands might be sold, under .any decree, judgment or order of any court of chancery in this State, whether for cash or upon a credit, the right •of redemption existed. Act 1832, ch. 36, § 1 and 2. >0. & N. Kev., 567.
The act of 1833 constitutes an exception to ¿his ¡general rule; and to obtain the benefit of the act, and •destroy the right of redemption, the sale must be brought strictly within its provisions.
*661 The specific land to be sold must be mentioned in the decree, and it must also appear in the decree that the sale upon a credit was had upon the application of the complainant. If this be not so, why were these terms placed in the statute? We do not think we can reject them as useless or unmeaning. When the sale is ordered to be made in strict compliance with the act, the parties interested will know beforehand its legal consequences, and be prepared to protect their rights. The decree itself will apprise them of the character of the sale. But this cannot be indicated, simply from the fact, that the land is ordered to be sold on a credit of not more than two years, nor less than six months, because many cases may be supposed when the chancellor, without regard, to the act, and without intending to affect the right of redemption, upon general principles, might find it to comport with his duty and the interest of parties interested, to order a sale of lands on a credit, such as is required by this act. We think, therefore, that in this case the right of redemption did exist.
And we furthermore think, that a sound construction of the act requires that the decree, in addition to the other facts mentioned in the statute, should also show that the chancellor, in ordering the sale, intended that no right of redemption should exist. This will give certainty to the character of the title, and confidence to bidders, and best promote the interest of all parties.
But as the two years since the confirmation of the clerk and master’s sale have long since elapsed — and as the 'only tender on which complainant can rely to redeem, was made before the confirmation of said sale, *662 the complainant is not entitled to any relief. Wood, Abbott et al. vs. Morgan, Allison et al., 4 Humph., 371.
The complainant’s hill will he dismissed, and the chancellor’s decree affirmed.